KAISER v. McLEAN et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. MASTER AND SERVANT—TORTS OF SERVANT.
 Where a servant is employed to keep lamps lighted on an obstruction in a street, and to keep children away from them, the master is not liable for an assault committed by the servant on a child playing about the lamps.

2. ASSAULT—DAMAGES—PROXIMATE CAUSE.
 The child, in escaping the servant, ran upon adjacent railroad tracks, where it was killed by a train. It might just as easily have escaped by running in a different direction, and not upon the tracks, and it was aquainted with the neighborhood. *Held*, that the servant was not liable for the death.
 O'Brien, J., dissenting.

Appeal from trial term.

Action by Louis Kaiser, as administrator, against Colin McLean and the New York Central & Hudson River Railroad Company, for the death of plaintiff's intestate. From a judgment in favor of plaintiff, and an order denying a new trial, defendant McLean appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

A. B. Boardman and J. Arthur Barratt, for appellant.

L. J. Vorhaus, for respondent.

VAN BRUNT, P. J. This action was brought against the appellant, McLean, and the New York Central & Hudson River Railroad Company for damages arising from the death of one Sidney Kaiser, deceased. The appellant, McLean, was a contractor employed by the railroad company to build the elevated structure south of the Harlem river upon which its tracks now rest. The plaintiff's intestate was struck by one of the company's trains and killed on the 13th of August, 1894, at or near the intersection of Park avenue and 116th street. As a part of the construction plant, the appellant employed a machine constructed of heavy timbers, called a "traveler," which was moved along the road as the work progressed. It would appear that in connection with this traveler there were a number of long timbers lying north and south near the edge of the cut where the railroad tracks were. These timbers were lying on the roadbed of Park avenue, on the east side of the railroad tracks. The stone wall which formerly ran along the edge of the cut on each side of the railroad tracks had been torn down at and in the neighborhood of 115th street. The appellant employed one Hanafin as lamp lighter. This witness testified that he was hired to keep the lamps lighted, and to keep the boys away from his lamps. On the day in question,

about 7 o'clock in the evening, while some boys, including the plaintiff, were playing upon the logs mentioned, Hanafin came, with his lamps lighted, upon the structure. He placed one of the lamps down, and then, for the purpose of driving the boys off the structure, he picked up something,—some of the witnesses stating that it was a stone,—and threw it at the boys. One witness states that he saw him chase the boys, that the other boys ran away, and that Hanafin ran after Kaiser, and chased him right on the track. This same witness, however, states that Hanafin was all the time on the east side of the logs, and the logs, therefore, were between him and the boys. Another witness states that Hanafin picked up a stick, and the boy went through the opening of the wall, and ran upon the tracks, and, a train coming along, he was killed. Upon this state of facts the jury found a verdict in favor of the plaintiff, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

It is difficult to see upon what theory the defendant can be held liable for the act of Hanafin, even if it was wrongful. There was no evidence that he was employed or authorized by his employer to commit any assault upon anybody in keeping his lamps lighted, and the boys away from them. In order to hold a principal for the act of his servant, it must be shown that the act of the servant comes within the scope of his employment; and the master is not answerable for the willful wrong of the servant, or for any force or violence used by him, unless he was authorized so to do, except, perhaps, in the case of a common carrier. In the case at bar there does not seem to be any proof whatever that Hanafin was authorized to do anything more than to prevent these boys from interfering with the lamps, and to keep them burning; and any violence which he used towards the boys was a wrongful act upon his part, for which the defendant is not responsible. But it seems to us that there is an additional reason why the defendant was not liable for the damage resulting from the killing of the plaintiff's intestate. It is true that one of the witnesses states, as already observed, that Hanafin chased the boy right upon the track. But it is manifest from the testimony in the case that this is absolutely untrue, as the same witness swears that Hanafin was on the east side of the logs, and hence that he could not have chased the deceased upon the track, because the logs were between him and the deceased. The evidence is positive in regard to this matter. It is undoubtedly true that Hanafin drove the boys from the logs, but there was nothing in the world which compelled the deceased to go through the opening in the wall upon the railroad track. He could have gone in the direction in which the other boys went with perfect safety, and, being a resident of the neighborhood, he was acquainted with the situation, knew of the existence of the tracks, and of the passage of trains thereon. Under these circumstances wrong cannot be imputed to the defendant appellant. Hanafin had the right to prevent these boys from interfering with the lights placed there for the purpose of giving warning to the public of these obstructions, and to keep the boys away from the structure; and if they, being wrongfully there, in

running away, went into danger, it is difficult to see upon what theory even Hanafin can be said to be responsible.

Upon the whole case, we are of opinion that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

RUMSEY and PATTERSON, JJ., concur. PARKER, J., concurs in result. O'BRIEN, J., dissents.