## CONNOR v. BENENSON REALTY CO.

(Bronx County Court.   April 12, 1915.)

1. MASTER AND SERVANT ⊙⟞302—INJURY TO THIRD PERSONS—UNAUTHORIZED ACT OF SERVANT—SCOPE OF EMPLOYMENT.

The act of a laborer in defendant's employ on a building in course of construction, who was not shown to have any authority to drive trespassers from the premises, and whose act in throwing a small block of wood at the infant plaintiff, shouting at him to "Get out," and striking him on the head and injuring him, was the result of the laborer's own recklessness, was in no way connected with the performance of his duties and outside the scope of his employment, so that the defendant was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. ⊙⟞302.]

2. MASTER AND SERVANT ⊙⟞302—INJURY TO THIRD PERSONS—SCOPE OF AUTHORITY—UNAUTHORIZED ACTS.

A master's liability for the act of his servant, a laborer, done with a view to further the master's interest, whether the act did in fact further his interest, applies only where the servant is in fact acting within the scope of his employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. ⊙⟞302.]

3. MASTER AND SERVANT ⊙⟞302—INJURY TO THIRD PERSON—UNAUTHORIZED ACT OF SERVANT.

To hold a master liable for the unauthorized act of his servant, it must be shown that the servant was acting within the scope of the general authority conferred upon him, although the particular act may be unjustified.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. ⊙⟞302.]

Action by Eugene Connor, an infant, etc., against the Benenson Realty Company. Complaint dismissed, and plaintiff moves for a new trial. Denied.

Almy, Van Gordon, Evans & Kelly, of New York City, for plaintiff.
Walter G. Evans, of New York City, for defendant.

GIBBS, J. This is a motion for a new trial after dismissal of complaint for failure of proof. The plaintiff sought to recover money damages for an assault alleged to have been committed upon him by a laborer in the employ of the defendant, in that, while the said laborer was engaged in the performance of his labors in and about the building then in the course of construction, without any just cause or provocation, he assaulted the plaintiff maliciously and without justification. The evidence indicated that the infant plaintiff, a boy about 13 years of age, was at play on part of the premises in the course of construction, and that the laborer referred to in the complaint threw a small block of wood at the infant plaintiff shouting at him to "Get out." The infant plaintiff was struck on the head and sustained a more or less serious injury.

[1] The only question raised upon this motion is whether the laborer hereinbefore referred to was acting within the scope of his employment. Ordinarily, this is an issue for determination by a jury upon all the facts and circumstances; but there must be some basis, however slight, so as to reasonably make it a question of fact. The plaintiff's evidence in this case, however, did not reveal any facts demonstrating that the laborer, in ordering the infant plaintiff from the premises, was acting within the scope of his employment. He was not a watchman nor a caretaker of the premises, but an ordinary day laborer engaged in and about the business of helping to construct the building in the course of construction. He was not clothed with any authority by his master, so far as the evidence revealed, to drive trespassers from the premises, and the evidence for the plaintiff, taken together, pointed unerringly to the conclusion that the act of the laborer in question was the result of his own passion and recklessness, and not in any wise connected with the performance of his duties.

[2] The contention of the plaintiff that, if the laborer committed the act with a view to the furtherance of the master's business or interests, the master is liable, whether or not the act did, as a matter of fact, further that business or interest, is unsound in reason and in law. In so far as it does apply, it applies only to a situation where the servant is in fact acting within the scope of his employment. To charge the master with the acts of the servant, when those acts are not within the performance of any duty required of the servant, and are voluntary on his part and the result of his own folly, stupidity, or passion, is repugnant to common sense and has never been, nor ever can be, the law in this state. While it is true that sometimes a master may be held liable for violation of express instructions given to the servant, it must be evident that the act of the servant was in furtherance of the master's business or interests. The record in this case is barren of any such evidence.

[3] In order to hold the master for the unauthorized act of his servant, it must be shown that the servant was acting within the scope of the general authority conferred upon him, although the particular act may be unjustified, as where, for illustration, in the ejectment of

a passenger from a train by a servant authorized to perform that duty under certain circumstances, more force is used than necessary or proper. Mott v. Consumers' Ice Co., 73 N. Y., at page 547. If a servant, acting in a matter entirely foreign to his employment, commits an act contrary and in conflict with the same to carry out some purpose of his own, and thereby injures another, the master is not responsible, because under these circumstances the relation of master and servant *ceases to exist* in so far as it holds the master for the act.

In the case of Kaiser v. McLean, 20 App. Div. 326, 46 N. Y. Supp. 1038, the defendant, a contractor, employed one Hanafin as a lamplighter. On the day in question, after lighting his lamps, he drove some boys from the structure in the course of construction, and one of those boys, the plaintiff's intestate, was driven by him across a railroad track, where he was killed by a passing train. The learned Appellate Division of the First Department, in its opinion, used the following language:

"It is difficult to see upon what theory the defendant can be held liable for the act of Hanafin, even if it was wrongful. There was no evidence that he was employed or authorized by his employer to commit any assault upon anybody in keeping his lamps lighted and the boys away from them. In order to hold a principal for the act of his servant, it must be shown that the act of the servant comes within the scope of his employment; and the master is not answerable for the willful wrong of the servant, or for any force or violence used by him, unless he was authorized so to do, except perhaps, in the case of a common carrier. In the case at bar there does not seem to be any proof whatever that Hanafin was authorized to do anything more than to prevent these boys from interfering with the lamps and to keep them burning, and any violence which he used towards the boys was a wrongful act upon his part, for which the defendant is not responsible."

It seems to me that in the above quotation there is epitomized the law applicable to this case, and I therefore hold that the plaintiff has no cause of action against the defendant for the act of the laborer herein, which was outside of the scope of his employment and for which he alone is responsible.

Motion denied. Order signed.